WILLIAM C. KOCH, JR., J.,
concurring.
I concur with the Court’s conclusion that Tenn.Code Ann. § 20-9-304 (2009) permits lawyers to “argue the worth or monetary value of pain and suffering to the jury” in medical malpractice cases. I have prepared this separate opinion to call attention to two related matters.
First, Tenn.Code Ann. § 20-9-304 requires lawyers’ arguments regarding the worth or value of pain and suffering to “conform to the evidence or reasonable deduction[s] from the evidence.” Thus, without evidence of pain and suffering, an argument regarding the worth or monetary value of pain and suffering should not be permitted. When an argument regarding the worth or monetary value of pain and suffering is made, the trial court should instruct the jury, in accordance with T.P.I. — Civil 15.03 (2010), that “statements or arguments made by the attorneys during the trial are not evidence.”
Second, our interpretation of TenmCode Ann. § 20-9-304 in this case did not require us to review or to approve any particular argument regarding the worth or monetary value of pain and suffering. Accordingly, this opinion should not be construed as necessarily approving “per diem” arguments that are frequently used by lawyers to guide jurors in assessing non-economic damages. See generally Joseph H. King, Jr., Counting Angels and Weighing Anchors: Per Diem Arguments for Noneconomic Personal Injury Tort Damages, 71 Tenn. L.Rev. 1, 49 (2004). Issues relating to the propriety of particular arguments must await the appropriate cases.